Guillermo A. Escobedo. (SBN 206198)
Lana B. Nassar (SBN 332522)
Lisa Xu (SBN 328700)
JACKSON LEWIS P.C.
225 Broadway, Suite 1800
San Diego, California 92101
Telephone:   (619) 573-4900
Facsimile:    (619) 573-4901
Guillermo.Escobedo@jacksonlewis.com
Lana.nassar@jacksonlewis.com
Lisa.Xu@jacksonlewis.com

Attorneys for Defendant
RESONETICS, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER REYES, an individual, on behalf of himself and on behalf of all persons similarly situated,<br><br>            Plaintiff,<br><br>    v.<br><br>RESONETICS, LLC, a Delaware Limited Liability Company; and DOES 1 through 50, inclusive,<br><br>            Defendants. | Case No.:  **'23 CV 1552 RBM BGS**<br><br>**DEFENDANT RESONETICS, LCC'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, AND 1453 (CAFA)**<br><br>*(Filed concurrently with Declarations of Guillermo A. Escobedo and Todd Trapp and Jessica Carreiro and Exhibits Thereto; Notice of Interested Parties; and Civil Case Cover Sheet)* |

1

CASE NO. _____
NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT

**TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, PLAINTIFF JENNIFER REYES, AND TO HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant RESONETICS, LLC ("Resonetics") hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, and removes the above-entitled action from the Superior Court of the State of California for the County of San Diego ("San Diego Superior Court") based on the Class Action Fairness Act of 2005 (the "CAFA"). Resonetics submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff JENNIFER REYES ("Plaintiff") and without conceding Plaintiff has pled claims upon which relief can be granted. This removal is based on the following grounds:

1.      On July 19, 2023, Plaintiff filed an unverified Class Action Complaint against Resonetics in the San Diego Superior Court entitled *Jennifer Reyes, et al. v. Resonetics, LLC* Case No.: 37-2023-00030454-CU-OE-CTL (the "State Court Action"), which sets forth the following causes of action: (1) Failure to Pay Minimum Wages; (2) Failure to Pay Wages and Overtime Under Labor Code §510; (3) Meal-Period Liability Under Labor Code §226.7; (4) Rest-Break Liability Under Labor Code §226.7; (5) Reimbursement of Necessary Expenditures Under Labor Code §2802; (6) Violation of Labor Code §226(a); (7) Failure to Keep Required Payroll Records Under Labor Code §§1174, and 1174.5; (8) Penalties Pursuant to Labor Code §203; (9) Violation of Business & Professions Code § 17200 et set; and (10) Failure to Make Proper Disclosure in Violation of the FCRA (the "Complaint"). A true and correct copy of Plaintiff's Class Action Complaint filed in the State Court Action is attached as **Exhibit A** to the Declaration of Guillermo A. Escobedo ("Escobedo Decl.") filed concurrently with this Notice of Removal. (Escobedo Decl., ¶ 2.)

2.      Plaintiff brought this action on behalf of her and all other members of various classes consisting of "All individuals employed by Defendants, at any time within four (4)

CASE NO. _____
NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT

years of the filing of this lawsuit, and have been employed by Defendants within the State of California" (collectively referred to herein as "Putative Class Members" or the "Putative Class"). Plaintiff also seeks to bring ten subclasses: 1) Minimum Wages Subclass; 2) Wages and Overtime Subclass; 3.) Meal Period Subclass; 4.) Rest Break Subclass; 5) Payroll Records Subclass; 6) Wage Statement Subclass; 7) Failure to Reimburse for Necessary Business Expenditures Subclass; 8.) Termination Pay Subclass; 9) UCL Subclass; and 10) Background Check. (Escobedo Decl., ¶ 2, Exhibit A, ¶¶ 31-32.)

3.     On July 24, 2023 Resonetics was served via personal service with the Summons, Class Action Complaint, Civil Case Cover Sheet, and Notice of Case Assignment and Case Management Conference (Civil). True and correct copies of the Summons, Civil Case Cover Sheet, and Notice of Case Assignment and Case Management Conference (Civil) that Resonetics received along with the Class Action Complaint, which are all court documents filed in the State Court Action and received by Resonetics to date (other than the Class Action Complaint) are collectively attached as **Exhibit B** to the Escobedo Declaration. (Escobedo Decl., ¶ 3.)

4.     Resonetics is not aware of any individual or entity being substituted in as a Doe defendant in this action. (Escobedo Decl., ¶ 4.)

5.     Resonetics filed its Answer in response to Plaintiff's Complaint in the State Court Action on August 22, 2023. A true and correct copy of Resonetics's Answer to Plaintiff's Complaint is attached as **Exhibit C** to the Escobedo Declaration. (Escobedo Decl., ¶ 5.)

## **TIMELINESS OF REMOVAL**

6.     This Notice of Removal has been filed within thirty (30) days after Resonetics was first served with a copy of Plaintiff's Summons and Complaint on July 24, 2023 upon which the instant action is based. Therefore, it has been filed within the time period mandated by 28 U.S.C. § 1446(b). *Murphy Bros. v. Michetti Pipe Stringing*, 526

CASE NO. _____
NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT

U.S. 344, 354 (1999) ("[T]he defendant's period for removal will be no less than 30 days from service...").

## VENUE

7.     This action was filed in the San Diego Superior Court. Pursuant to 28 U.S.C. § 1441(a), Resonetics is removing this action to the United States District Court for the Southern District of California as the district "embracing the place where [the] action is pending."

8.     Venue of this action lies in the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1441, *et seq.* and 1391(a) because this is the judicial district of the court in which the action arose and where Plaintiff resides. (Escobedo Decl., ¶ 2, Exhibit A, ¶¶ 4 and 6.)

## REMOVAL BASED ON THE CLASS ACTION FAIRNESS ACT

9.     Removal of this action is proper under the CAFA, 28 U.S.C. §§ 1332, *et seq.* Section 4 of the CAFA, 28 U.S.C. § 1332(d)(2), has been amended to read, in relevant part:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which – (A) any member of a class of plaintiffs is a citizen of a State different from any defendant.

10.     In addition, the CAFA provides for jurisdiction in the district courts only where the proposed class involves one hundred or more members, or where the primary defendants are not States, State officials, or other governmental entities. 28 U.S.C. § 1332 (d)(5).

11.     As set forth below, this is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(d), in that it is a civil action filed as a class action involving more than 100 members, the matter in controversy—based on the allegations in the Complaint—exceeds the sum of $5,000,000, exclusive of interest and costs, and

CASE NO. _____
NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT

Plaintiffs are citizens of a state different from Resonetics. *See* 28 U.S.C. §§ 1332(d) and 1453.

**A.  Resonetics, The Only Named Defendant In The State Court Action, Is Not A Government Entity.**

12.  Resonetics is not a State or any other governmental entity. (Declaration of Todd Trapp ("Trapp Decl."), ¶ 3-5.)

**B.  Minimal Diversity Is Satisfied Under The CAFA.**

13.  The standard for establishing diversity of citizenship under the CAFA is different than diversity jurisdiction under 28 U.S.C. § 1332. CAFA's diversity requirement is satisfied when there is minimal diversity, *i.e.*, when at least <u>one</u> member of a class of plaintiffs is a citizen of a different state from any <u>one</u> defendant. *See* 28 U.S.C. § 1332(d)(2); *United States v. Shell Oil Co.*, 602 F.3d 1087, 1090-91 (9th Cir. 2010) (holding that to "achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)"); *Bradford v. Bank of Am. Corp.*, No. CV 15-5201-GHK (JCx), 2015 U.S. Dist. LEXIS 120800, at *13 (C.D. Cal. Sep. 10, 2015) ("[defendant] needed only to establish that one plaintiff was a citizen of a different state from any one defendant at the time of removal.")

14.  Diversity of citizenship is determined "as of the time the complaint is filed and removal is effected." *Strotek Corp. v. Air Transp. Ass'n of America*, 300 F.3d 1129, 1131 (9th Cir. 2002) (citations omitted).

15.  For individuals, citizenship is determined by a person's domicile. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). While residence and citizenship are not the same, a person's place of residence is *prima facie* evidence of his or her citizenship. *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519–20 (10th Cir. 1994); *see also Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, at *22 (E.D. Cal. 2008). Furthermore, a person's

CASE NO. _____
NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT

intention to remain may be established by his or her place of employment. *Youn Kyung Park v. Holder*, 572 F.3d 619, 625 (9th Cir. 2009); *see also Francisco v. Emeritus Corp.*, No. CV 17-02871-BRO (SSx)), 2017 U.S. Dist. LEXIS 90131, at *10 (C.D. Cal. June 12, 2017).

16.    Resonetics is informed and believes that Plaintiff was—at the time this action was commenced—and still is an individual residing in the State of California, County of San Diego. (Escobedo Decl., ¶ 2, Exhibit A, ¶¶ 4 and 6; and Declaration of Jessica Carreiro ("Carreiro Decl.), at ¶ 3.)    Additionally, Plaintiff's Complaint alleges that she was a resident of California during the relevant time period.  (See Exhibit A, ¶ 4 of Complaint)

17.    Accordingly, for purposes of removal under the CAFA, Plaintiff is a citizen of California.

18.    For diversity purposes, a limited liability company is deemed to be a citizen of any state in which any member of the company is a citizen. 28 U.S.C. § 1332(d)(10). *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *Ramirez v. Carefusion Res., LLC*, 2019 U.S. Dist. LEXIS 112995, at *4 (S.D. Cal. July 1, 2019) (under CAFA, an LLC is a citizen of the State under whose laws it is organized and the State where it has its principal place of business); *Lafountain v. Meridian Senior Living*, No. CV 15-03297-RGK (PJWx), 2015 U.S. Dist. LEXIS 84134, at *5 n.2 (C.D. Cal. Jun. 29, 2015); *Marroquin v. Wells Fargo, LLC*, No. 11-CV-163-L-BLM, 2011 U.S. Dist. LEXIS 10510, 2011 WL 476540 (S.D. Cal. Feb. 3, 2011) (finding that minimum diversity existed).

19.    With respect to ascertaining a corporation's principal place of business, the United States Supreme Court has adopted the "nerve center test." *See Hertz Corp v. Friend*, 559 U.S. 77, 80-81 (2010).   Under the nerve center test, a corporation's principal place of business is where a corporation's high-level officers direct, control, and coordinate the corporation's activities. *Id*. A corporation can only have one "nerve center." *Id.* at 93-94.  In evaluating where a corporation's "nerve center" is located, courts

CASE NO. _____
NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT

will look to the center of overall direction, control, and coordination of the company and will no longer weigh corporate functions, assets, or revenues in each state. *Id.*

20.    Resonetics —including the time this action was commenced and the time it was removed to federal court—is a citizen of Delaware because it was at all times a limited liability company organized under the laws of the State of Delaware. (Trapp Decl. at ¶ 3.) At all relevant times, Resonetics's company headquarters, and thus its principal place of business, has been in the State of New Hampshire (Trapp Decl. at ¶ 4.) None of the leadership members of Resonetics are citizens of the State of California. (Trapp Decl. at ¶ 5.) The State of New Hampshire is where the Company's high-level officers, including its President and Chief Executive Officer, direct, control, and coordinate the Company's activities. (Trapp Decl. at ¶ 6.) Resonetics corporate executives primarily work out of the New Hampshire headquarters and its corporate activities are directed, controlled, and coordinated from there (including but not limited to operations, corporate finance, information systems, human resources, accounting, and payroll). *Id.* Resonetics' members are neither organized under the laws of the State of California nor have their principal place of business in California.  Trapp Decl. at ¶ 7.)

21.    Resonetics's business activities are significantly centralized in New Hampshire and the Company's operations in the United States are ultimately directed, controlled, and coordinated by its leadership team in New Hampshire (Trapp Decl. at ¶ 8.)

22.    Given the above, minimal diversity exists under the CAFA because at least one member of the Putative Class was—at the time this action was commenced and is still believed to be—a citizen of the State of California, while Resonetics was and still is a citizen of the States of Delaware and New Hampshire.[1] 28 U.S.C. § 1332(d)(2).

---

[1]    The citizenship of the Doe defendants is immaterial for the purpose of determining minimal diversity under the CAFA. 28 U.S.C. § 1441(a); *see Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007).

CASE NO. _____
NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT

1    **C.    The Putative Class Contains More Than 100 Members.**

2    23.    The CAFA provides that the district courts shall not have jurisdiction over

3    class actions where "the number of members of all proposed plaintiff classes in the

4    aggregate is less than 100." 28 U.S.C. § 1332(d)(5).

5    24.    Here, Resonetics's records identify approximately 177 individuals who are

6    Putative Class Members. (Carreiro Decl. at ¶ 5.) Accordingly, the numerosity requirement

7    for jurisdiction under the CAFA is satisfied.

8    **D.    The Amount In Controversy Exceeds $5,000,000 Based On A Plausible**

9    **Reading Of The Allegations Of The Complaint.[2]**

10    25.    Under the CAFA, the claims of the individual members in a class action are

11    aggregated to determine if the amount in controversy exceeds the sum or value of

12    $5,000,000. *See* 28 U.S.C. § 1332(d)(6). Congress intended federal jurisdiction to be

13    appropriate under the CAFA "if the value of the matter in litigation exceeds $5,000,000 either

14    from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the

15    type of relief sought (e.g., damages, injunctive relief, or declaratory relief)." Sen. Jud. Comm.

16    Rep., S. REP. 109–14, at 42. Moreover, any doubts regarding the maintenance of interstate

17    class actions in state or federal court should be resolved in favor of federal jurisdiction. S.

18    Rep. 109-14, at 42-43 ("[I]f a federal court is uncertain about whether 'all matters in

19    controversy' in a purported class action 'do not in the aggregate exceed the sum or value of

20    $5,000,000, the court should err in favor of exercising jurisdiction over the case….Overall,

21    new section 1332(d) is intended to expand substantially federal court jurisdiction over class

22    actions. Its provisions should be read broadly….").

23    ───────────────

24    [2]    RESONETICS denies each and every allegation set forth by Plaintiff in the
Complaint and denies that Plaintiff or any other Putative Class Member is entitled to any

25    compensatory or statutory damages, restitution, civil penalties, attorneys' fees, or any
other relief. RESONETICS also denies that this action can proceed as a class or

26    representative action. Notwithstanding the above, removal of this action is proper given
that removal is based on the allegations asserted in the Complaint.

27

28
CASE NO. _____
NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT

26.    When measuring the amount in controversy, the court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 992, 1001 (C.D. Cal. 2002).

27.    In *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S. Ct. 547 (2014), the United States Supreme Court held that "a defendant's notice of removal need include only a *plausible* allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 554 (emphasis added). Plaintiffs may not avoid removal to federal court under CAFA's $5,000,000 amount in controversy requirement by expressly alleging or subsequently stipulating that damages fall below that sum. *See Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1347 (2013). Because Plaintiffs have not expressly pled a specific amount of damages, a removing party need only show that it is more likely than not that the amount in controversy exceeds $5,000,000. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). Here, the amount in controversy exceeds $5,000,000 based on the allegations of the Complaint.

28.    Further, "'[n]o 'antiremoval presumption attends cases invoking CAFA' because 'Congress enacted [CAFA] to facilitate adjudication of certain class actions in federal court.'" *Adams v. Toys 'R' US – Delaware, Inc.*, 2015 U.S. Dist. LEXIS 11338, at *5-6 (N.D. Cal. Jan. 29, 2015) (*quoting Dart*, 135 S. Ct. at 554). On the contrary, courts are required to interpret CAFA's provisions broadly in favor of removal. *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1183–84 (9th Cir. 2015).

29.    Notably, "[t]here is no obligation by defendant to support removal with production of extensive business records to prove or disprove liability and/or damages with respect to plaintiff or the putative class members at this premature (pre-certification) stage of the litigation." *Muniz v. Pilot Travel Ctrs. LLC*, 2007 U.S. Dist. LEXIS 31515, at *15 (E.D. Cal. Apr. 30, 2007). Rather, a defendant seeking removal must prove by a preponderance of the evidence that the aggregate amount in controversy exceeds the

CASE NO. _____
NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT

jurisdictional minimum. *Rodriguez v. AT&T Mobility Servs. Ltd. Liab. Co.*, 728 F.3d 975, 977 (9th Cir. 2013) ("the proper burden of proof imposed upon a defendant to establish the amount in controversy is the preponderance of the evidence standard"); *see Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability."); *Arias v. Residence Inn*, 936 F.3d 920, 922, 925 (9th Cir. 2019) (the removing defendant may rely on reasonable assumptions in estimating the amount in controversy, which "need not be proven").

30.    Moreover, if a plaintiff asserts statutory violations, the court must assume that the violation rate is 100% unless the plaintiff specifically alleges otherwise. *See Muniz v. Pilot Travel Ctrs. LLC*, 2007 U.S. Dist. LEXIS 31515, at *12–13 (E.D. Cal. Apr. 30, 2007) ("As these allegations reveal, plaintiff includes no fact-specific allegations that would result in a putative class or violation rate that is discernibly smaller than 100%, used by defendant in its calculations. Plaintiff is the 'master of [her] claim[s],' and if she wanted to avoid removal, she could have alleged facts specific to her claims which would narrow the scope of the putative class or the damages sought.") (Citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)); *see also Arreola v. The Finish Line*, No. 14- CV-03339-LHK, 2014 WL 6982571, at *4 (N.D. Cal. Dec. 9, 2014) ("District courts in the Ninth Circuit have permitted a defendant removing an action under CAFA to make assumptions when calculating the amount in controversy—such as assuming a 100 percent violation rate, or assuming that each member of the class will have experienced some type of violation—when those assumptions are reasonable in light of the allegations in the complaint."); *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1149 (C.D. Cal. 2010) ("[C]ourts have assumed a 100% violation rate in calculating the amount in controversy when the complaint does not allege a more precise calculation.").

///

///

CASE NO. _____
NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT

31.     Here, without admitting Plaintiff could recover any damages whatsoever, a plausible[3] reading of the Complaint conservatively places an aggregate amount in controversy exceeding **6,322,480,54** exclusive of attorneys' fees, interest, and costs, as follows:

a.     <u>First and Second Causes of Action – Failure to Pay Minimum Wages and Overtime Wages</u>: Plaintiff alleges Resonetics failed to pay minimum wages and overtime wages for all time worked and willfully breached its agreement to pay wages, in violation of Labor Code §§ 204, 510, 1194, 1197, 1185 and 1194.2 and the applicable I.W.C. Wage Order(s). (Escobedo Decl., ¶ 2, Exhibit A, ¶¶ 42-56.) There are at least 177 Putative Class Members, and they worked more than 14,157 workweeks at a weighted average hourly rate of pay[4] of $21.71during the Class Period.  As such, if Plaintiff only alleges that the Putative Class Members were not paid for three hours of straight time (14,157 weeks × three hours × $21.71 per hour = $922,045.41) and three hours of overtime, one hour being double time pay, per workweek ([14,157 weeks × two hours × $31.65 per hour] + [14,157 weeks x one hour x $43.42] = $1,510835.04), the amount in controversy for alleged unpaid minimum wage and overtime would be **$2,432,880.45** (Carreiro Decl. at ¶ 6.) Furthermore, if Plaintiff only alleges that the Putative Class Members' time records were adjusted by one hour per work week due to rounding (as alleged in ¶11 of the Complaint), the amount in controversy for the rounding claim would be **$307,348.47** (14,157 workweeks x one hour x $21.71 per hour.) (Carreiro Decl. at ¶ 6.) Therefore, the total amount in controversy for alleged unpaid wages would be **$2,740,228.92.**

---

[3]     *See Lucas v. Michael Kors (USA) Inc.,* No. CV 18-1608-MWF (MRWx), 2018 U.S. Dist. LEXIS 78510, at *8 (C.D. Cal. May 9, 2018) ("Defendants may use reasonable assumptions in calculating the amount in controversy for purposes of removal.").

[4] A weighted average hourly rate of pay considers the length of employment of an employee when evaluating the average pay across all Putative Class Members.

CASE NO. _____
NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT

b. <u>Third Cause of Action –Meal Period Liability</u>: Plaintiff alleges that throughout the relevant Class Period, Resonetics failed to provide Plaintiff and the other Putative Class Members meal periods or premium pay in accordance with Labor Code §§ 226.7 and 512, and the applicable I.W.C. Wage Order (Escobedo Decl., ¶ 2, Exhibit A, ¶¶ 57-61.) The Putative Class Members worked more than 14,157 workweeks at a weighted average hourly rate of pay of $21.71per hour during the Class Period. Assuming the Putative Class Members were not provided code-complaint periods or properly clocked for their meal periods 3 times per workweek, the amount in controversy for the unpaid meal period premiums would be **$922,045.41** (14,157 workweeks× three violations per week × $21.71per premium). (Carreiro Decl. at ¶ 7.)

c. <u>Fourth Cause of Action-Rest-Break Liability:</u> Plaintiff alleges that throughout the Class Period, Resonetics failed to provide Plaintiff and the other Putative Class Members rest breaks or premium pay in accordance with Labor Code § 226.7, and the applicable I.W.C. Wage Order (Escobedo Decl., ¶ 2, Exhibit A, ¶¶ 62-66.) Based on the allegations in the Complaint, it is plausible that Plaintiff is seeking to recover three premiums per workweek for all Putative Class Members, which would place over **$922,045.41** in controversy in connection with her rest period claim ($21.71weighted average hourly wage rate x three rest period per week x 14,157 workweeks). (Carreiro Decl. at ¶ 8.)

d. <u>Fifth Cause of Action-Failure to Reimburse for Business Expenditures-</u>Plaintiff also seeks damages for failure to reimburse business expenses including cell phone and internet usage costs, among other claims. (Escobedo Decl., ¶ 2, Exhibit A, ¶¶ 67-70.) Assuming a $10 weekly allowance for cell phone and internet usage, the amount in controversy for Plaintiff's claim for unreimbursed business expenses is **$141,570** ($10 allowance x 14,157 workweeks.) (Carreiro Decl. at ¶ 9.)

///

CASE NO. _____

NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT

e.    <u>Sixth Cause of Action – Violation of Labor Code §226(a):</u> Plaintiff alleges that because Resonetics failed to pay the Putative Class Members for all hours worked, those individuals who worked for Resonetics after during the one year statute of limitations period applicable to Labor Code 226 (i.e. July 19, 2022 to the present), Putative Class Members are entitled to statutory penalties for Resonetics failure to provide accurate, compliant itemized wage statements in accordance with Labor Code §§ 226(a) and 226(e). (Escobedo Decl., ¶ 2, Exhibit A, ¶¶ 71-77.) When evaluating the amount in controversy for a claim alleging violations of Labor Code §§ 226(a) and 226.3 it is entirely appropriate to assume a 100% violation rate. (*See Moppin v. Los Robles Reg'l Med. Ctr.*, No. EDCV 15-1551 JGB (DTBx), 2015 U.S. Dist. LEXIS 129574, at *10 (C.D. Cal. Sep. 24, 2015) (district court finding that a 100% violation rate was justified because the plaintiff there asserted in her complaint that "at all relevant times herein, defendants intentionally and willfully failed to furnish plaintiff and the class members with accurate wage statements," thereby accusing defendants of "issuing inaccurate wage statements 'at all times' and in regards to both Plaintiff and the class members."); *Lucas*, 2018 U.S. Dist. LEXIS 78510, at *25 (noting that "it is not unreasonable to assume that, with this many violations alleged by Plaintiff, every one of the wage statements issued during the one-year period could very likely have been noncompliant"). There are at least 177 Putative Class Members who worked for Resonetics between July 19, 2022 and July 19, 2023.  These Class Members worked in excess of 4,200 pay periods during that period, and therefore the amount in controversy for Plaintiff's claims under Labor Code §§ 226(a) and 226.2 is **$408,850.00** ((177 Putative Class Members × $50 for the first pay period) + (4,000 for each subsequent pay period × $100 per pay period)). (Carreiro Decl. at ¶ 10.)

f.    <u>Seventh Cause of Action – Failure to Keep Required Payroll Records under Labor Code §§1174 and 1174.5:</u> Plaintiff alleges that because Resonetics willfully

CASE NO. _____
NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT

failed to maintain accurate time and wage records for the Putative Class by failing to pay Plaintiff and Employees proper wages, overtime, and premium pay, Resonetics is liable for civil penalties for three years prior to the filing of the Complaint. (Escobedo Decl., ¶ 2, Exhibit A, ¶ 78-84.) The total civil penalties assessed for Plaintiff's claim is **$88,500.00** (177 Putative Class Members x $500 per violation.) (Carreiro Decl. at ¶ 11.)

g.    Eighth Cause of Action-Failure to Pay All Wages Owed Upon Termination: Plaintiff alleges that Resonetics failed to pay the Putative Class Members for all hours worked, in violation of California Labor Code Section 203. (Escobedo Decl., ¶ 2, Exhibit A, ¶ 85-89.) Based on the allegations in the Complaint, it is plausible that Plaintiff has placed over **$307,413.60** in controversy in connection with his claim for waiting time penalties (59 Putative Class Members separated within the three year statute x $21.71weighted average hourly rate x 8 hours x 30 days). (Carreiro Decl., ¶ 12.)  This calculation is further supported by the fact that Plaintiff has tied her waiting time penalties claim to Defendant's alleged failure to pay minimum wage, pay overtime wage, provide proper meal periods, and provide proper rest periods. (Escobedo at ¶ 12, 14.)  As such, it is reasonable for Defendant to assume Plaintiff is seeking damages for each Putative Class Member that would, in turn, entitle every individual who separated during the applicable three-year limitations period to the full amount of waiting time penalties. Further, the caselaw supports application of a 100% violation rate for alleged statutory violations, given that Plaintiff would only need to establish that each Putative Class Member was denied just one minute of minimum wage, one minute of overtime, one meal period penalty, or one rest period penalty during the limitations period.[5]

---

[5]    *See Chavez v. Pratt (Robert Mann Packaging), LLC*, No.19-cv-00719-NC, 2019 U.S. Dist. LEXIS 59399, at *9-10 (N.D. Cal. April 5, 2019) ("By tying the unpaid final wage claim to his other claims, [plaintiff] makes [defendant's] assumption of 100% violation for unpaid wages reasonable..."); *Kastler v. Oh My Greens, Inc.*, No. 19-cv-

CASE NO. _____
NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT

h. Ninth Cause of Action: Violation of Business & Professions Code § 17200 et seq: Plaintiff alleges that Resonetics engages in unfair business practices and competition, based on the other wage claims alleged. (Escobedo Decl., ¶ 2, Exhibit A, ¶ 90-99.) This claim however does not result in damages beyond those assessed under each substantive wage claim. An unfair business practice or unfair competition claim extends the statute of limitation of Plaintiff's wage claims by one year, and therefore the amounts in controversy are calculated based upon this additional year.

i. Tenth Cause of Action: Failure to Make a Proper Disclosure in Violation of the FCRA: Plaintiff alleges that Resonetics improperly sought consumer reports including credit reports during the background check and hiring process of the Putative Class Members and therefore Resonetics is liable for penalties. (Escobedo Decl., ¶ 2, Exhibit A, ¶ 100-113.) The amount in controversy for this claim is **$177,000.00** (177 Putative Class Members x $1000 per violation.) (Carreiro Decl. at ¶ 13.)

**Attorneys' Fees**

32. In determining whether a complaint meets the amount in controversy threshold for a removal under 28 U.S.C. § 1332, a court may also consider the value of claims for

---

02411-HSG, 2019 U.S. Dist. LEXIS 185484, at *16 (N.D. Cal. Oct. 25, 2019) (approving 100% violation rate when calculating waiting time penalties because Plaintiff tied waiting time penalties claim to his other claims); *Mackall v. HealthSource Global Staffing, Inc.*, No. 16-cv-03810-WHO, 2016 U.S. Dist. LEXIS 119292, at *16-19 (N.D. Cal. Sep. 2, 2016) (upholding defendant's assumed 100% violation rate for waiting time penalties in CAFA removal where the complaint alleged overtime, meal period and rest break violations and a willful failure to timely pay final wages, and plaintiff failed to offer any alternative calculation in a lower amount); *Byrd v. Masonite Corp.*, No. EDCV 16-35 JGB (KKx), 2016 U.S. Dist. LEXIS 60078, at *9 (C.D. Cal. May 5, 2016) (Bernal, J.) (for derivative penalties which are based on a "laundry list" of other potential violations, it is reasonable for a removing defendant to assume a 100% violation rate for each terminated employee); *Bell v. Home Depot U.S.A., Inc.*, No. 2:12-cv-02499-GEB-CKD, 2014 U.S. Dist. LEXIS 78353, at *3 (E.D. Cal. June 5, 2014) ("These allegations of unpaid wages [including uncompensated overtime, meal period and rest period allegations] support Defendants' position that it is more likely than not that Plaintiffs' section 203 claim places in controversy 30-days of waiting time penalties…").

attorneys' fees. *See Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (attorney's fees may be taken into account to determine jurisdictional amount); *see also Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (holding the amount in controversy may include attorney's fees recoverable by statute). Attorneys' fee awards in California wage-hour class actions can easily total several hundred thousands of dollars or more. *See, e.g., McGuigan v. City of San Diego,* 183 Cal. App. 4th 610, 638 (2010) (noting attorneys' fees paid in settlement of $1.6 million); *Vasquez v. California,* 45 Cal. 4th 243, 249 (2008) (noting award of $435,000 in attorneys' fees for class claims involving failure to pay wages, liquidated damages, penalties and waiting time penalties).

33.     Moreover, Courts in this circuit have held that, for purposes of calculating the amount in controversy in a wage-and-hour class action, removing defendants can reasonably assume that plaintiffs are entitled to attorney fees valued at approximately twenty-five percent of the projected damages. *See Herrera v. Carmax Auto Superstores Cal., LLC,* No. EDCV-14-776-MWF (VBKx), 2014 U.S. Dist. LEXIS 188729, at *12 (C.D. Cal. June 12, 2014) ("Substantial authority supports a 'benchmark' 25 percent attorneys' fees figure to be added to any claim for which attorneys' fees are available."); *Hamilton v. Wal-Mart Stores, Inc.,* No. ED CV 17-01415-AB (KKx), 2017 U.S. Dist. LEXIS 162856, at *16 (C.D. Cal. Sep. 29, 2017) ("The Ninth Circuit has allowed an estimate fee award of 25% of a plaintiff's damages in calculating the amount in controversy under CAFA."); *Gutierrez v. Stericycle, Inc.,* No. LA CV15-08187 JAK (JEMx), 2017 U.S. Dist. LEXIS 20975, at *51 (C.D. Cal. Feb. 14, 2017) ("it is appropriate to include in the calculation of the amount in controversy a potential fee award of 25% of the value of certain of the substantive claims.").

34.     Given that Resonetics can calculate, based on reasonable assumptions from the Complaint, that the amount in controversy is at least **$5,707,653.34,** Resonetics can therefore reasonably assume Plaintiff's attorneys could conceivably be entitled to attorneys' fees valued at **$1,426,913.34.**

35.    Thus, for the reasons discussed above and as summarized below, and without conceding or admitting to the underlying merit of Plaintiff's claims, the aggregate amount in controversy in connection with Plaintiff's putative class claims surpasses the $5,000,000 jurisdictional threshold required under the CAFA.

| Cause of Action | Amount-In-Controversy |
|---|---|
| First and Second Cause of Action – Failure to Pay Minimum Wages and Overtime Wages | $2,740,228.92 |
| Third Cause of Action – Meal Period Liability | $922,045.41 |
| Fourth Cause of Action – Rest-Break Liability | $922,045.41 |
| Fifth Cause of Action – Reimbursement of Necessary Expenditures | $141,570 |
| Sixth Cause of Action- Violation of Labor Code §226(a) | $408,850.00 |
| Seventh Cause of Action-Failure to Keep Required Payroll Records under Labor Code §§1174 and 1174.5 | $88,500 |
| Eighth Cause of Action- Failure to Pay All Wages Owed Upon Termination | $307,413.60 |
| Tenth Cause of Action – Failure to Make Proper Disclosure in Violation of FCRA | $177,000 |
| Attorney's Fees - 25% of Total Estimated Damages | $1,426,913.34 |
| **Amount-In-Controversy:** | **$7,134,566.68** |

CASE NO. _____
NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT

**NOTICE TO ALL PARTIES AND STATE COURT**

36.    In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers promptly will be served on Plaintiff's counsel and filed with the Clerk of the San Diego Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

**CONCLUSION**

37.    Based on the foregoing, Resonetics hereby removes the above-captioned action from the San Diego Superior Court to this Court based on the CAFA requirements (28 U.S.C. §§ 1332(d), 1441, 1446 and 1453), and respectfully requests that this Court retain jurisdiction for all further proceedings.

Respectfully submitted,

DATED:  August 23, 2023                    JACKSON LEWIS P.C.

By: *s/ Guillermo A. Escobedo*
Guillermo A. Escobedo
Lana B. Nassar
Lisa Xu

Attorneys for Defendant
RESONETICS, LLC

4872-3177-0234, v. 2

CASE NO. _____
NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT